## CAMP TAPAWINGO, INC'S. APPEAL FROM BOARD OF RELIEF, TOWN OF CLINTON

Superior Court          Middlesex County          File #6588

Present: Hon. EARNEST SIMPSON, Judge.

Rollin U. Tyler;
L. Horatio Biglow,                Attorneys for the Appellant.

Charles A. Pelton,                Attorney for the Appellee.

**MEMORANDUM FILED OCTOBER 31, 1936.**

SIMPSON, J. This is an appeal from the action of the Board of Relief of the Town of Clinton in placing appellant's property on the taxable list of the Town as of October 1,

1934. The Board took this action on March 2, 1935, after having heard the appellant in reference thereto as required by statute.

For the purpose of the demurrer it is admitted that appellant is a charitable corporation organized under the laws of this state exclusively for scientific, educational, literary, historical or charitable purposes or for one or more such purposes, and that the property listed for taxation was used exclusively for carrying out one or more of aforesaid purposes, except that during the period from October 1, 1933 to October 1, 1934, the property was used for "no purpose, but was held and maintained exclusively for carrying out one or more of the aforesaid purposes."

It is also admitted for the purposes of the demurrer that on November 25, 1933, the appellant gave to the assessors of the town, upon the form prepared and prescribed by the Tax Commissioner of the State, and sworn to, in the manner required by law, a list of all its property owned by it on October 1, 1933 and claimed by it to be exempt from taxation.

The statute requiring such list to be filed is **Sec. 1163**, which provides that the property of such a corporation used exclusively for the purposes stated shall be exempt from taxation provided (among other things in regard to which no question is raised) (b) "in 1933 and quadrennially thereafter, a statement on forms prepared by the Tax Commissioner shall be filed on or before the last day required by law for the filing of assessment returns with the local board of assessors of any town", etc., "in which any of its property claimed to be exempt is situated."

Upon these facts the respondent claims, upon its demurrer,

(1) That not having filed the statement required by law in 1933 on or before the last day required by law for filing assessment returns with the local board of assessors of the town of Clinton, but on November 25th, 1933, the property of appellant was not exempt as of October 1, 1934.

(2) That not having used the property for any purpose during the period from October 1, 1933 to October 1, 1934, it was properly placed upon the October 1, 1934 assessment list.

The first of these claims would have force, if the question was one of placing the property on the October 1, 1933 list. But that is not the question. The statute requires the list of property claimed to be exempt from taxation to be filed "quadrennially" beginning in 1933. Having filed the list on November 25, 1933, it was not necessary that another list be filed on or before the last day for filing of assessment returns for the assessment list of October 1, 1934. If this be not true, then if a corporation such as the appellant, having property exempt from taxation, and who did not file a list of property claimed to be exempt from taxation in 1933, would be barred from claiming such exemption for a period of four years. I can find no justification for such effect in the statute.

In regard to the second claim, while it appears that the property of appellant was used for "no purpose" during the period between October 1st, 1933 and October 1, 1934, it also appears that during that period the property was "held and maintained exclusively for carrying out one or more" of the charitable purposes of the appellant.

It appears that the property was used by appellant prior to October 1, 1933 and after October 1, 1934 in carrying out its charitable purposes, or one or more of them. Why it was not actually used from October 1, 1933 to October 1, 1934 does not appear. This may have been because of an intention to abandon or cease its charitable work, or a mere temporary cessation thereof due to unavoidable circumstances. The Court is not permitted to speculate as to which, but is of the opinion that it ought not, as a matter of law, hold upon the demurrer that the property was or was not exempt as of October 1, 1934, without all the facts appearing.

The demurrer is therefore overruled.